UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON SCIOTTI,

                          Plaintiff,

                                                    DECISION AND ORDER

          -v-                                       06-CV-6422 CJS

SAINT GOBAIN CONTAINERS, (A New Jersey
Corportation), CPF, INC., (A Massachusetts
Corportation), and AHOLD NV (A corporate
entity organized and existing in Amsterdam,
Netherlands),

                          Defendants.

APPEARANCES

For Plaintiff:                        H. Todd Bullard, Esq.
                                      Carol E. Owens, Esq.
                                      Harris Beach PLLC
                                      99 Garnsey Road
                                      Pittsford, New York 14534

For Defendant Saint-Gobain
Containers, Inc.:                     Daniel T. Cavarello, Esq.
                                      Sugarman Law Firm LLP
                                      1600 Rand Building
                                      14 Lafayette Square
                                      Buffalo, New York 14203

For Defendant Ahold NV:               Dennis P. Hamilton, Esq.
                                      Dixon and Hamilton, LLP
                                      2350 North Forest Road, Suite 18A
                                      Getzville, New York 14068

INTRODUCTION

     This is a diversity action involving claims, under New York law, for strict products

liability, negligence, and breach of warranty.  Now before the Court are two motions: 1)

A motion [#11] by Saint-Gobain Containers, Inc. ("S-GCI") to vacate entry of default and to dismiss the complaint; and 2) a motion [#20] by Ahold NV ("ANV") to dismiss the complaint. For the reasons that follow, S-GCI's application is granted in part and denied in part, and ANV's application is denied.

BACKGROUND

Plaintiff is suing to recover damages for injuries that he allegedly sustained in August, 2003, when a glass bottle of iced tea broke in his hands.  On August 22, 2006, Plaintiff commenced this action.  Plaintiff alleges that "Saint Gobain Containers" manufactured the bottle that injured him, and that ANV owns the Sugar Creek Convenience Store which sold him the bottle of iced tea.  Specifically, Plaintiff's complaint contains, *inter alia*, the following allegation regarding "Saint Gobain Containers":

> Defendant SAINT GOBAIN is a New Jersey corporation with its principal place of business located at 184 Buckhorn Drive, Washington, New Jersey 07882. Upon information and belief, Defendant, SAINT GOBAIN, is a bottle manufacturer who . . . [bottled] the beverage product which was sold to and ultimately injured the Plaintiff herein.

(Complaint ¶ 3).  As for ANV, the complaint alleges, in relevant part, that

> Defendant, [ANV], is an Amsterdam, Netherlands, business entity with its principal place of business located at Piet Heinkade 167-173, 1019 GM Amsterdam, The Netherlands. [ANV] is a consumer retail foodservice operator with holdings and operations in the United States including among others the Sugar Creek Stores.  Upon information and belief, during such relevant times as set forth herein, Defendant, [ANV], was contractually involved with . . . the . . . retailing and/or selling the bottled beverage product which was sold to, and ultimately injured, the Plaintiff herein.

(*Id*. ¶ 5).  The complaint further alleges that the defendants were negligent with regard to the design, manufacture, and handling of the product; that the product was in an unreasonably

dangerous condition when sold; and that the product was not in a condition fit for its ordinary purpose.

Plaintiff subsequently arranged to have the summons and complaint served on the defendants pursuant to New York Business Corporation Law ("BCL") § 306(b)(1).[1]   In attempting to effect service on the manufacturer of the defective bottle, Plaintiff's process server requested the New York Secretary of State to serve ""Saint Gobain Incorporated [sued as] Saint Gobain Containers."[2]   According to the New York Secretary of State's records, "Saint Gobain Incorporated" was a Delaware corporation, which had been granted authority to do business in New York State in 1963.  In 1995, however, such authority was annulled, as a result of which, Saint Gobain Incorporated was "no longer authorized to do business under the Laws of the State of New York." (Saint-Gobain Motion [#11] Ex. F).  Nevertheless, upon receiving the summons and complaint, the New York Secretary of State mailed copies, by certified mail, return receipt requested, to "Saint Gobain Incorporated," at the following address, which Saint Gobain Incorporated had previously provided to the Secretary of State for such service: "Saint Gobain Incorporated % Euroglass Corporation

---

[1]BCL § 306(b)(1), provides, in relevant part:

Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose.

N.Y. BUS. CORP. LAW § 306 (McKinney 2007).

[2]During oral argument of the subject motions, Plaintiff's counsel, Ms. Owens, indicated that Plaintiff had instructed the process server to serve "Saint Gobain Containers," not "Saint Gobain Incorporated."

405 Park Ave. New York, NY 10022." The mailing, though, was returned to the Secretary of State, by the U.S. Postal Service, as undeliverable. Still, on October 24, 2006, Plaintiff filed an affidavit of service, indicating that "Saint Gobain Incorporated [sued as] Saint Gobain Containers" was served in accordance with Business Corporation Law § 306(b)(1) on October 4, 2006. Plaintiff also made arrangements to have ANV served pursuant to BCL § 306(b)(1), and on October 24, 2006, Plaintiff filed an affidavit indicating that "Ahold U.S.A. Inc. [sued as] Ahold NV" had been served. To reiterate, the entity served was, apparently, "Ahold U.S.A. Inc.," not ANV. Ahold U.S.A., Inc., which is apparently a subsidiary of ANV, is not a named party in this action.

Nevertheless, on October 25, 2006, ANV filed and served an answer to the complaint. The answer included eleven separate affirmative defenses, including statute of limitations and contributory negligence defenses. However, ANV did not include any affirmative defense involving personal jurisdiction or service of the summons and complaint. Subsequently, on March 6, 2007, counsel for ANV participated in a scheduling conference conducted by the Honorable Marian W. Payson, United States Magistrate Judge.

On December 7, 2006, Plaintiff applied to this court for entry of default against "Saint-Gobain Containers," and on December 8, 2006, the Clerk of the Court entered default. Plaintiff did not, however, proceed to seek entry of default judgment.

On July 11, 2007, S-GCI filed the subject motion [#11] to vacate entry of default, pursuant to Federal Rule of Civil Procedure ("FRCP") 55(c), and to dismiss the complaint for lack of personal jurisdiction, pursuant to FRCP 12(b)(2). S-GCI's argument, in support of both applications, is, simply, that it was never served with process in this case. Specifically, S-GCI maintains that it is not "Saint Gobain Incorporated," whom the New York Secretary of

4

State allegedly served.  S-GCI  avers, for example, that its principal place of business is Muncie, Indiana, not Washington, New Jersey.  Further, S-GCI indicates that, unlike "Saint Gobain Incorporated," it remains a registered foreign corporation with the State of New York, and that its registered agent, for service of process, is CT Corporation System, 111 8th Avenue, New York, NY 10011.  S-GCI states, in fact, that it is "not related" in any way to the "Saint Gobain Incorporated."

On October 16, 2007, ANV, which, as already discussed, had answered the complaint almost a year earlier, also filed a motion [#20] to dismiss the complaint, alleging  failure to effect service of process as required by FRCP 4(h), lack of personal jurisdiction pursuant to FRCP 12(b)(2), insufficiency of process pursuant to FRCP 12(b)(4), insufficiency of service of process pursuant to FRCP 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).  ANV's argument, basically, is that it conducts business only in the Netherlands, and that it did not conduct business as Sugar Creek Stores at the relevant time.  ANV contends, instead, that Sugar Creek Stores were owned by Tops Markets, LLC, which, in  2003, when Plaintiff was injured, was a wholly-owned subsidiary of Tops Holdings, LLC.  ANV further maintains that Tops Holdings, LLC, was a subsidiary of Ahold U.S.A. Holding, Inc., which is now known as Ahold U.S.A., Inc., and that Ahold U.S.A., Inc. is a "legally distinct entity." (Rowell Affidavit ¶ 4).

Plaintiff opposes both motions.  With regard to S-GCI's  motion, Plaintiff contends, first, that "Saint Gobain Containers" had notice of Plaintiff's injury as early as December 2005.  On this point, Plaintiff relies on a letter, sent by Broadspire Insurance, to Plaintiff and

to "Saint Gobain Containers," in December 2005. (Bullard Affidavit [#15] Exhibit E).[3]  As indicated on Broadspire's letter, a copy of the correspondence was sent to "Cc: Saint Gobain Containers ATTN: Patrick Beha 184 Buckhorn Drive Washington, NJ 07882."  Plaintiff suggests that it properly relied on this information in suing "Saint Gobain Containers" as the bottle manufacturer. (Bullard Affidavit [#15] ¶ 12) ("We properly sued Saint Gobain Containers based on the third party liability insurer's representation of its co-defendant." [sic]).  Furthermore, Plaintiff contends that "Saint Gobain Incorporated, a New York Corporation is, in fact, the same business entity or predecessor of [S-GCI]." (*Id*. at ¶ 18).  Plaintiff purportedly bases this assertion on information taken off the "saint-gobain.com" website, attached as Exhibit H to Attorney Bullard's affidavit (Document [#15]).  That exhibit, however, contains no mention of "Saint Gobain Incorporated."

       With regard to ANV's motion, Plaintiff contends that ANV has waived any affirmative defenses under FRCP 12(b)(2), (4), and (5), because it failed to make a Rule 12 motion prior to answering the complaint, and failed to include such affirmative defenses in its answer. As further evidence of ANV's alleged waiver, Plaintiff points to ANV's participation in the Court's pretrial scheduling conference.  Moreover, Plaintiff contends that ANV is a proper party to this action, because it exercised control over Tops Markets and Sugar Creek Stores. At least, Plaintiff maintains, it is entitled to investigate ANV's connection to the Sugar Creek Stores during discovery.

       Counsel for the parties appeared before the undersigned on November 8, 2007.  The Court, having thoroughly considered the parties' written submissions and the arguments

---

[3]Broadspire's letter indicates that Broadspire was a "third party liability administrator for Kemper Insurance Company," which insured defendant CPF, Inc.

of counsel, now denies ANV's motion, and grants S-GCI's motion in part and denies it in part.

ANALYSIS

*S-GCI's Motion*

It is well settled that, following an entry of default, the defaulting party may move to set aside the entry for "good cause." Fed. R. Civ. P. 55(c). Because the rules do not themselves define "good cause," the Second Circuit has established three factors for determining whether to relieve a party from default, or from a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). Other factors may also be considered, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. District courts have discretion in evaluating these factors, but defaults are generally disfavored and doubts should be resolved in favor of a trial on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). Moreover, courts should impose a less stringent standard upon the defaulting party when it seeks to vacate an entry of default rather than a default judgment. *Id*. at 276.

Here, S-GCI, while not admitting that it is the "Saint Gobain Containers" sued in this action, nevertheless maintains that it has never been served with process in this action. Specifically, S-GCI insists that it has no connection whatsoever to the "Saint Gobain Incorporated" entity which was purportedly served by Plaintiff. Further, S-GCI indicates that, while it technically is not the entity against whom default was entered in this case, it

nonetheless seeks to have the default vacated, since the similarity between its name and "Saint Gobain Containers" may lead to confusion in the event that a judgment is eventually entered.

While S-GCI maintains that it was never served, it does not dispute that it would be subject to personal jurisdiction in this court, if process was properly served.[4]  Consequently, the issue, technically, is service, not the Court's jurisdictional power, and, therefore, the Court construes S-GCI's motion as properly being made under FRCP 12(b)(5), not 12(b)(2). *See*, 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.31[1] (Matthew Bender 3d ed.) ("Rule 12(b)(2) challenges the *basis for* jurisdiction over the person, rather than the *method*  by which jurisdiction was obtained through service of process.") (Emphasis in original); *Id*. at § 12.33[4] ("Rule 12(b)(5) challenges *service* of the summons . . . . Examples of improper service include serving the wrong person . . . .") (Emphasis in original); *see also, National Union Fire Ins. Co. of Pittsburgh, Pa.v. Nettle*, No. 86 CIV. 7479 (LLS), 1989 WL 39673 at *1 (S.D.N.Y. Apr. 17, 1989) ("The Rule 12(b)(5) procedure should be used only to raise those objections that deal with the manner in which service has been made and not to determine the court's power to adjudicate defendant's rights and liabilities.") (quoting WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1353 at 578-579).

The following are the legal principles generally applicable to a court's consideration of a Rule 12(b)(5) motion:

---

[4]S-GCI concedes that the issue of its liability, if any, including the issue of whether it manufactured the bottle, cannot be resolved at this stage of the litigation. (S-GCI Memo of Law at 3) ("S-GCI may have product identification and causation defenses available to it depending upon the proof developed through the discovery process.").

> [I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y.2002). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844, 1999 WL 265022 (2d Cir.1999). When a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Preston v. New York*, 223 F.Supp.2d 452, 466 (S.D.N.Y. 2002).

*Mende v. Milestone Technology, Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003). Consequently, the issue is whether Plaintiff has made a prima facie showing that it served S-GCI with process in this action. The Court finds that Plaintiff has not done so.

Clearly, the entity upon whom the New York State Secretary of State allegedly made service was not S-GCI. Instead, service was apparently made on "Saint Gobain Incorporated," and Plaintiff has not come forward with evidence linking the two entities, let alone establishing that they are one and the same. As previously mentioned, Exhibit H to the Bullard Affidavit (Document [#15]), upon which Plaintiff relies for this purpose, provides no such evidence. Consequently, the Court will vacate entry of default as against Saint Gobain Containers.[5]

Additionally, the Court grants S-GCI's 12(b)(5) motion, and in that regard, the law in this Circuit is such that,

> [w]here service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant, even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly[.]

---

[5]Default probably should not have been entered in the first place, since the entity allegedly served by the New York Secretary of State, Saint Gobain Incorporated, is not a named party in this action.

*Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (citations and internal quotations omitted); *see also, Primerano v. New York State Div. of State Police*, No. 97-CV-1729 (FJS), 1998 WL 326785 at *2 (N.D.N.Y. Jun. 15, 1998) ("A district court faced with a motion brought pursuant to Rule 12(b)(5) has discretion to either dismiss the action or quash service.") (*citing Montalbano*).  On this point, courts generally look to FRCP 4(m), which provides, in relevant part, that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*See, In re Teligent Services, Inc.*, 372 B.R. 594, 598, 600-601 (S.D.N.Y. 2007) (Applying FRCP 4(m) to determine remedy, where plaintiff failed to properly serve defendant under FRCP 12(b)(5)).

Based upon the foregoing applicable legal principles, the Court's options are to dismiss the case against Saint Gobain Containers, albeit without prejudice, or to quash service and allow Plaintiff additional time to effect service.  The situation is complicated by the fact that, although the statute of limitations has apparently expired, Plaintiff has not asked the Court to extend the time for service.  Instead, Plaintiff stubbornly maintains that it has served the correct party, despite lacking any proof of that.  Further, it does not appear that Plaintiff has good cause for its failure.  Instead, Plaintiff maintains that it acted reasonably, in obtaining information, for use in identifying and  serving Saint Gobain Containers, by

relying solely upon the name and address contained in Broadspire's 2005 letter.[6]  The Court disagrees.

Nevertheless, in its discretion, the Court will allow Plaintiff an additional twenty days to attempt to serve Saint Gobain Containers.[7]  In this regard, the Court has considered the hardship that may result to Plaintiff if the Court were to dismiss the action.  *See*, FRCP 4(m), Advisory Committee Notes, 1993 Amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .").  Additionally, it does not appear that any prejudice would result to S-GCI as a result of late service in this case. Consequently, S-GCI's motion to dismiss is denied, service on Saint Gobain Incorporated is quashed, and Plaintiff is granted an additional twenty days from the date of filing of this Decision and Order to effect service on Saint Gobain Containers.

*ANV's Motion*

The Court now turns to ANV's motion, made pursuant to FRCP 4(h) and 12(b)(2), (4),(5) and (6).  At the outset, it is clear that ANV's objections to personal jurisdiction, as well as to the form and manner of service, are waived.  On this point, it is clear that motions under Rule 12(b) are required to be made "before pleading if a further pleading is permitted." FRCP 12(b).  Accordingly, a defendant is required to bring a Rule 12(b) motion prior to answering the complaint.  Moreover, Rule 12(h)(1) provides, in relevant part, that

---

[6]During oral argument, Plaintiff's counsel, Ms. Owens, suggested that her co-counsel, Mr. Bullard, may also have had telephone conversations with someone at Broadspire, for the purpose of obtaining additional information about Saint Gobain Containers.  Ms. Owens also suggested that Plaintiff's process server was at fault for mistakenly seeking service upon "Saint Gobain Incorporated."  However, neither of these points were raised in Plaintiff's motion papers.

[7]Saint Gobain Containers is the named defendant in this action.  The Court makes no finding with regard to whether Saint Gobain Containers, identified in the complaint as a New Jersey corporation with its principal place of business in New Jersey, and S-GCI, are one and the same company.

> [a] defense of lack of jurisdiction over the person [12(b)(2)], improper venue [12(b)3)], insufficiency of process [12(b)(4)], or insufficiency of service of process [12(b)(5)] is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

FRCP 12(h)(1); *see also, Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 -730 (2d Cir. 1998) ("Rule 12(h)(1) 'advises a litigant to exercise great diligence in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move....'") (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (1990)).

In this case, ANV did not make a Rule 12(b) motion prior to answering the complaint, nor did it include any 12(b) defenses in its answer to the complaint.  Consequently, ANV has waived the defenses under FRCP 12(b)(2), (4) and (5).  ANV may, however, still bring a motion, in the nature of a motion to dismiss for failure to state a claim, pursuant to FRCP 12(h)(2), though such a motion is properly characterized as a motion for judgment on the pleadings under Rule 12(c). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).") (footnote omitted).

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  Recently, the U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, No.

12

05-1126, — U.S. —, 127 S.Ct. 1955 (May 21, 2007), clarified the standard to be applied to

a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted).  See also, *ATSI Communications,*

*Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff

must provide the grounds upon which his claim rests through factual allegations sufficient

'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*)

(footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell*

*Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to

amplify a claim with some factual allegations in those contexts where such amplification is

needed to render the claim plausible[,]" as opposed to merely conceivable.)  When applying

this standard, a district court must accept the allegations contained in the complaint as true

and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*,

192 F.3d at 56.

Applying this standard, the Court must deny ANV's motion, since the complaint states

a claim against ANV.  Specifically, as discussed above, the complaint alleges that ANV

owned the Sugar Creek Store which sold Plaintiff the allegedly defective bottle of iced tea,

and that ANV was negligent with regard to the design, manufacture, and handling of the

product; that the product was in an unreasonably dangerous condition when sold; and that the product was not in a condition fit for its ordinary purpose.  ANV does not argue that such allegations fail to state a claim, as a matter of law, but instead, it argues that it did not actually own the Sugar Creek Store which sold the iced tea.  However, the Court must view the pleadings in the light most favorable to Plaintiff, and consequently,  ANV's motion to dismiss must be denied.[8]

CONCLUSION

For all of the foregoing reasons, ANV's motion to dismiss the complaint [#20] is denied, and S-GCI's motion to vacate entry of default and to dismiss the complaint [#11] is granted in part and denied in part, as follows: 1) entry of default as to Saint Gobain Containers is vacated; 2) service of process on "Saint Gobain Incorporated s/h/a Saint Gobain Containers" is quashed; and 3) Plaintiff is granted an additional twenty days from the date of filing of this Decision and Order to effect service on Saint Gobain Containers.

SO ORDERED.

Dated:        November 19, 2007
              Rochester, New York              ENTER:


                                               /s/ Charles J. Siragusa
                                               CHARLES J. SIRAGUSA
                                               United States District Judge

---

[8]ANV will, of course, be able to litigate issues relating to ownership and liability in a summary judgment motion.

14