UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JASON SCIOTTI,

                Plaintiff,

                    DECISION AND ORDER

      -v-                     06-CV-6422 CJS

SAINT-GOBAIN CONTAINERS, Inc. (A
Delaware Corporation), CPF, INC.,
(A Massachusetts Corporation), and
AHOLD NV (A corporate entity organized
and existing in Amsterdam, Netherlands),

                Defendants.
_____

APPEARANCES

| | |
|---|---|
| For Plaintiff: | H. Todd Bullard, Esq.<br>Carol E. Owens, Esq.<br>Harris Beach PLLC<br>99 Garnsey Road<br>Pittsford, New York 14534 |
| For Defendant Saint-Gobain Containers, Inc.: | Daniel T. Cavarello, Esq.<br>Sugarman Law Firm LLP<br>1600 Rand Building<br>14 Lafayette Square<br>Buffalo, New York 14203 |
| For Defendant Ahold NV: | Dennis P. Hamilton, Esq.<br>Dixon and Hamilton, LLP<br>2350 North Forest Road, Suite 18A<br>Getzville, New York 14068 |

INTRODUCTION

This is a diversity action involving claims, under New York State law, for strict products liability, negligence, and breach of warranty. Now before the Court are two motions: 1) A motion [#30] by Saint-Gobain Containers, Inc. ("S-GCI") to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or in the alternative, for summary judgment pursuant to FRCP 56; and 2) a motion [#42] by Ahold NV ("ANV") to dismiss the Amended Complaint pursuant to FRCP 4(m), or alternatively, pursuant to FRCP 5(a)&(b), FRCP 12(b) (2),(4), (5) and (6), and FRCP 56. For the reasons that follow, Defendants' applications are denied.

BACKGROUND

Plaintiff is suing to recover damages for injuries that he allegedly sustained in August, 2003, when a glass bottle of iced tea broke in his hands. On August 22, 2006, Plaintiff commenced this action. Plaintiff alleged that "Saint Gobain Containers" manufactured the bottle that injured him, and that ANV owned the Sugar Creek Convenience Store which sold him the bottle of iced tea. Specifically as to "Saint Gobain Containers," the complaint stated that the company was a New Jersey corporation "located at 184 Buckhorn Drive, Washington, New Jersey." (Complaint ¶ 3). The complaint further alleged that the defendants were negligent with regard to the design, manufacture, and handling of the product; that the product was in an unreasonably dangerous condition when sold; and that the product was not in a condition fit for its ordinary purpose.

Plaintiff subsequently arranged to have the summons and complaint served on the defendants pursuant to New York Business Corporation Law ("BCL") § 306(b)(1). In attempting to effect service on the manufacturer of the defective bottle, Plaintiff's process

2

server requested the New York Secretary of State to serve "Saint Gobain Incorporated [sued as] Saint Gobain Containers."[1] According to the New York Secretary of State's records, "Saint Gobain Incorporated" was a Delaware corporation, which had been granted authority to do business in New York State in 1963, but which, since 1995, was "no longer authorized to do business under the Laws of the State of New York." (Saint-Gobain Motion [#11] Ex. F). Nevertheless, upon receiving the summons and complaint, the New York Secretary of State mailed copies, by certified mail, return receipt requested, to "Saint Gobain Incorporated," at the address which Saint Gobain Incorporated had previously provided to the Secretary of State for such service: "Saint Gobain Incorporated % Euroglass Corporation 405 Park Ave. New York, NY 10022." The mailing, though, was returned to the Secretary of State, by the U.S. Postal Service, as undeliverable. Still, on October 24, 2006, Plaintiff filed an affidavit of service, indicating that "Saint Gobain Incorporated [sued as] Saint Gobain Containers" was served in accordance with Business Corporation Law § 306(b)(1) on October 4, 2006. Plaintiff also made arrangements to have ANV served pursuant to BCL § 306(b)(1), and on October 24, 2006, Plaintiff filed an affidavit indicating that "Ahold U.S.A. Inc. [sued as] Ahold NV" had been served. To reiterate, the entity served was, apparently, "Ahold U.S.A. Inc.," not ANV. Ahold U.S.A., Inc., which is apparently a subsidiary of ANV, is not a named party in this action.

Nevertheless, on October 25, 2006, ANV filed and served an answer to the complaint. The answer included eleven separate affirmative defenses, including statute of limitations and contributory negligence defenses. However, ANV did not include any affirmative

---

[1]During oral argument of the subject motions, Plaintiff's counsel, Ms. Owens, indicated that Plaintiff had instructed the process server to serve "Saint Gobain Containers," not "Saint Gobain Incorporated."

defense involving personal jurisdiction or service of the summons and complaint. Subsequently, on March 6, 2007, counsel for ANV participated in a scheduling conference conducted by the Honorable Marian W. Payson, United States Magistrate Judge.

Saint Gobain Containers Inc. did not answer the complaint, however, and on December 7, 2006, Plaintiff applied to this court for entry of default. On December 8, 2006, the Clerk of the Court entered default against Saint Gobain Containers, Inc. Plaintiff did not, however, proceed to seek entry of default judgment.

On July 11, 2007, S-GCI filed a motion [#11] to vacate entry of default, pursuant to FRCP 55(c), and to dismiss the complaint for lack of personal jurisdiction, pursuant to FRCP 12(b)(2). S-GCI's argument, in support of both applications, was, simply, that it was never served with process. Specifically, S-GCI maintained that it was not "Saint Gobain Incorporated," whom the New York Secretary of State allegedly served. S-GCI further averred that its principal place of business was Muncie, Indiana, not Washington, New Jersey. S-GCI additionally indicated that, unlike "Saint Gobain Incorporated," it remained a registered foreign corporation with the State of New York, and that its registered agent, for service of process, was CT Corporation System, 111 8th Avenue, New York, NY 10011. S-GCI stated, in fact, that it was "not related" in any way to "Saint Gobain Incorporated."

On October 16, 2007, ANV, which, as already discussed, had answered the complaint almost a year earlier, also filed a motion [#20] to dismiss the complaint, alleging failure to effect service of process as required by FRCP 4(h), lack of personal jurisdiction pursuant to FRCP 12(b)(2), insufficiency of process pursuant to FRCP 12(b)(4), insufficiency of service of process pursuant to FRCP 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). ANV's argument, basically, was that it conducted

business only in the Netherlands, and that it did not conduct business as Sugar Creek Stores at the relevant time.  ANV claimed, instead, that Sugar Creek Stores were owned by Tops Markets, LLC, which, in 2003, when Plaintiff was injured, was a wholly-owned subsidiary of Tops Holdings, LLC.  ANV further maintained that Tops Holdings, LLC, was a subsidiary of Ahold U.S.A. Holding, Inc., later known as Ahold U.S.A., Inc., and that Ahold U.S.A., Inc. was a "legally distinct entity." (Rowell Affidavit ¶ 4).

Plaintiff opposed both motions.  With regard to S-GCI's motion, Plaintiff contended, first, that "Saint Gobain Containers" had notice of Plaintiff's injury as early as December 2005.  On this point, Plaintiff relied on a letter, sent by Broadspire Insurance, to Plaintiff and to "Saint Gobain Containers," in December 2005. (Bullard Affidavit [#15] Exhibit E).[2]  As indicated on Broadspire's letter, a copy of the correspondence was sent to "Cc: Saint Gobain Containers ATTN: Patrick Beha 184 Buckhorn Drive Washington, NJ 07882."  Plaintiff further maintained that it properly relied on this information in suing "Saint Gobain Containers" as the bottle manufacturer. (Bullard Affidavit [#15] ¶ 12) ("We properly sued Saint Gobain Containers based on the third party liability insurer's representation of its co-defendant." [sic]).  Furthermore, Plaintiff claimed that "Saint Gobain Incorporated, a New York Corporation [was], in fact, the same business entity or predecessor of [S-GCI]." (*Id*. at ¶ 18). Plaintiff purported to base that assertion on information taken off the "saint-gobain.com" website, attached as Exhibit H to Attorney Bullard's affidavit (Document [#15]).  That exhibit, however, contained no mention of "Saint Gobain Incorporated."

---

[2]Broadspire's letter indicates that Broadspire was a "third party liability administrator for Kemper Insurance Company," which insured defendant CPF, Inc.

5

With regard to ANV's motion, Plaintiff contended that ANV had waived any affirmative defenses under FRCP 12(b)(2), (4), and (5), because it failed to make a Rule 12 motion prior to answering the complaint, and failed to include such affirmative defenses in its answer. As further evidence of ANV's alleged waiver, Plaintiff pointed to ANV's participation in the Court's pretrial scheduling conference. Moreover, Plaintiff argued that ANV was a proper party to this action, because it exercised control over Tops Markets and Sugar Creek Stores. At least, Plaintiff maintained, it was entitled to investigate ANV's connection to the Sugar Creek Stores during discovery.

Counsel for the parties appeared before the undersigned on November 8, 2007. Subsequently, on November 20, 2007, the Court issued a Decision and Order [#25], denying ANV's motion and granting S-GCI's motion in part and denying it in part. Specifically as to S-GCI's motion, the Court vacated entry of default as to Saint Gobain Containers, and quashed service on "Saint Gobain Incorporated s/h/a Saint Gobain Containers." In that regard, the Court found that, "[c]learly, the entity upon whom the New York State Secretary of State allegedly made service was not S-GCI. Instead, service was apparently made on 'Saint Gobain Incorporated,' and Plaintiff has not come forward with evidence linking the two entities, let alone establishing that they are one and the same." However, the Court granted Plaintiff an additional twenty days to attempt to serve the party that it had sued as the bottle manufacturer, i.e., "Saint Gobain Containers." The Court noted in that regard, however, that it made "no finding with regard to whether Saint Gobain Containers, identified in the complaint as a New Jersey corporation with its principal place of business in New Jersey, and S-GCI, are one and the same company." As for ANV's motion, the Court found that ANV had waived its affirmative defenses with regard to personal jurisdiction, as well as to the form

and manner of service, by failing to raise them, either prior to answering or in the answer to the complaint.

Subsequent to the Court's Decision and Order, on December 5, 2007, Plaintiff filed an Amended Complaint [#27], which amended the caption of the action, to name Saint-Gobain Containers, Inc., a Delaware corporation, as a defendant, instead of Saint Gobain Containers.  Plaintiff electronically filed the Amended Complaint using the Court's Case Management/Electronic Case Filing ("CM/ECF") system, and the pleading was electronically served on S-GCI automatically the same day. However, ANV's counsel was not registered to used the CM/ECF sytem, and Plaintiff indicated that the Amended Complaint had been served "by other means" on ANV's attorney, Dennis P. Hamilton.  On this point, the Court's "Administrative Procedures Guide," Section 2, "Electronic Filing and Service of Documents," subparagraph f(ii)&(iii), states, in relevant part:

> A certificate of service on all parties entitled to service or notice is still required when a party files a document electronically.  The certificate must state the manner in which service or notice was accomplished on each party so entitled.  A certificate of service should be filed as an attachment to the document.
> 
> ***
> 
> A party who is not a registered participant of the System is entitled to a paper copy of any electronically filed pleading, document, or order.  The filing party must therefore provide the non-registered party with the pleading, document or order according to the Federal Rules of Civil and Criminal Procedure.

Nevertherless, there is no certificate of service attached to the Amended Complaint. Moreover, Mr. Hamilton states, in a sworn affidavit, that Plaintiff never served him or ANV with a copy of the Amended Complaint. (Hamilton Affidavit ¶ 8).

On December 21, 2007, S-GCI filed the subject motion to dismiss the Amended Complaint, or in the alternative, for summary judgment.  In that regard, S-GCI acknowledges

that it was served with the Amended Complaint in December 2007. However, S-GCI contends that the claims against it are untimely, since they fall outside the applicable statutes of limitations. S-GCI maintains that Plaintiff's products liability claim and negligence claim have a three-year statute of limitations, while the claim for breach of implied warranty has a four-year limitations period, and that Plaintiff filed the Amended Complaint more than four years after the alleged injury and/or sale of the product. S-GCI further maintains that the claims do not "relate back" to the filing of the original summons and complaint, pursuant to FRCP 15(c), since it did not learn of the action until more than 120 days after the filing of the original summons and complaint. However, Plaintiff contends that the claims in the Amended Complaint relate back to the filing of the original complaint, since the Amended Complaint "only seeks to correct the spelling of the party against whom claims are asserted" (Plaintiff's Memo [#37] at 4), and since S-GCI received notice of the original claims within the time required by FRCP 4(m), which, in the instant case, was extended by the Court in its prior Decision and Order. In other words, Plaintiff argues that it is irrelevant that S-GCI did not receive notice within 120 days of the filing of the original complaint, since the Court extended that period by 20 days, within which Plaintiff served S-GCI with the Amended Complaint.

In addition to S-GCI's motion, on April 9, 2008, ANV filed its subject motion to dismiss the Amended Complaint, on the grounds that it was never served with the Amended Complaint within 120 days of its filing, as required by FRCP 4(m). Furthermore, ANV contends that the Amended Complaint must be dismissed because the applicable statutes of limitations have now expired, and because the Amended Complaint does not "relate back," since Plaintiff failed to serve the Amended Complaint as required by FRCP 4(m).

8

(ANV's Memorandum of Law [#42]). Plaintiff's counsel responds that the Amended Complaint was properly served on ANV's counsel. (Owens Affidavit [#44] ¶ 17) ("Our offices served [ANV's] counsel with the Amended Complaint by mail and in the regular course of business on or about December 5, 2007, at which time we also electronically filed the same."). However, Plaintiff's counsel does not have personal knowledge in that regard, and the secretary or paralegal who allegedly mailed the pleading is alleged to be unavailable to provide an affidavit because she is on vacation. Alternatively, Plaintiff requests additional time to serve the Amended Complaint, pursuant to Rule 4(m).

On May 15, 2008, counsel for the parties appeared before the undersigned for oral argument of the motions.

## DISCUSSION

*S-GCI's Motion*

FRCP 15(c) determines whether amended pleadings "relate back" to the filing of the original pleading, for purposes of the statute of limitations. In that regard, FRCP 15(c) states:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in
    defending on the merits; and

9

>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c). Federal Rule 4(m) states:

>    (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FRCP 4(m). As Rule 4(m) indicates, the 120-day period for service of the complaint may be extended by the Court, and consequently, "the period provided by Rule 4(m) for serving the summons and complaint," described in Rule 15(c)(1)(C), includes any additional time beyond 120 days that a court may grant. *See, Bain v. Wal-Mart Inc.*, No. 06-CV-6399L, 2007 WL 1073869 at *1 (W.D.N.Y. Apr. 5, 2007) ("The Advisory Committee Notes to Rule 15(c)(3) provide that, 'In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to the rules, as may be granted[.]'"); *see also*, 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1498 (2d ed.) ("[T]he notice required under the rule [15(c)] . . . is linked to the federal service period of 120 days *or any additional time resulting from a court-ordered extension*.") (emphasis added).

In the instant case, it is clear that plaintiff's claims against S-GCI would be time-barred unless the filing of the Amended Complaint relates back to the filing of the original complaint. However, the Court finds that the Amended Complaint satisfies the requirements for relating

10

back. In that regard, the Amended Complaint "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Moreover, S-GCI admits that it became aware of the claims in the original complaint in February 2007, which was within the time for service described in Rule 4(m), as a result of the Court's subsequent extension of the usual 120-day period.

S-GCI disagrees, and argues that Plaintiff 's amendment of the complaint, naming S-GCI instead of Saint Gobain Containers, Inc., should not be allowed since it violates the Court's prior Decision and Order.[3] Specifically, S-GCI argues that the prior Decision and Order extended the period for service under Rule 4(m) solely for the purpose of allowing Plaintiff to serve Saint Gobain Containers, Inc., not to amend the complaint. Furthermore, S-GCI interprets a footnote in the prior Decision and Order as supporting this argument.[4] However, S-GCI is incorrect. In fact, when the Court granted the 20-day extension previously, it expected that Plaintiff would do exactly what he did, which is amend the Complaint to name S-GCI as a defendant, and effect service on S-GCI. The Court's footnote was meant to highlight the fact that the Complaint, as it was then drafted, appeared to name the incorrect defendant, even though Plaintiff seemed unwilling to admit that fact at the time. In any event, the Court finds that S-GCI clearly met the requirements of FRCP 15(c)(1)(C)(i) within the period provided by FRCP 4(m).

---

[3] S-GCI also contends, in its memorandum of law, that *Smalls v. Fraser*, No. 05 Civ. 6575(WHP)(TH), 2006 WL 2336911 (S.D.N.Y. Aug. 11, 2006) and *Pemrick v. Stracher*, No. 92 CV 959(CLP), 2005 WL 2921621 (E.D.N.Y. Nov. 4, 2005) support its motion. However, the Court disagrees and finds that neither case is on point.

[4] As mentioned earlier, Footnote 7 of the prior Decision and Order stated: "Saint Gobain Containers is the named defendant in this action. The Court makes no finding with regard to whether Saint Gobain Containers, identified in the complaint as a New Jersey corporation with its principal place of business in New Jersey, and S-GCI, are one and the same company."

The Court further finds that S-GCI knew, within that time, "that the action would have been brought against it, but for a mistake concerning the proper party's identity."  For example, in connection with its prior motion to vacate entry of default,  S-GCI referred to itself as "the proper defendant." (S-GCI Memo of Law [#13] at 2) ("The proper defendant, S-GCI, remained an active foreign corporation registered with the New York Department of State, Division of Corporations at the time the action was filed, but plaintiff inexplicably served an inactive and unrelated corporation, Saint Gobain Incorporated (hereinafter "SGI") at his own peril.").  And, in that same memorandum of law, S-GCI indicated that it had a meritorious defense to Plaintiff's claims:

> The third factor - whether defendant has a meritorious defense - clearly weighs in SGCI's favor. In that regard, personal jurisdiction was never obtained over S-GCI due to plaintiff's failure to complete proper service. Moreover, S-GCI has no information indicating that it manufactured the glass bottle in question, nor has it been made aware of the specifics of any alleged defect. Consequently, S-GCI may have product identification and causation defenses available to it depending upon the proof developed through the discovery process.

(*Id*. at 3).  And finally, S-GCI has not alleged or demonstrated that it would be prejudiced as a result of the amendment.  Accordingly, S-GCI's motion to dismiss is denied.

*ANV's Motion*

ANV's first argument is that the Amended Complaint must be dismissed because Plaintiff never served that pleading on ANV's attorney, as required by the Federal Rules of Civil Procedure.  As discussed earlier, FRCP 4(m) provides, in relevant part:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows

12

good cause for the failure, the court must extend the time for service for an appropriate period.

FRCP 4(m).  Additionally, FRCP 5 provides, in relevant part,

>  (a) Service: When Required.
>
>  (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
>  ***
>  (B) a pleading filed after the original complaint . . . .
>
>  (b) Service: How Made.
>
>  (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

FRCP 5.  The foregoing principles of law indicate that Plaintiff was required to serve the Amended Complaint on ANV's counsel within 120 days of filing.  However, ANV's attorney maintains, in a sworn affidavit, that he was never served with the amended pleading.

Nevertheless, even assuming *arguendo* that Plaintiff inadvertently failed to serve the Amended Complaint on ANV's counsel, the Court may still extend the time for service under Rule 4(m). In that regard,

>  [w]hile Rule 4(m) mandates an extension of the time for service upon a showing of good cause by the plaintiff, courts have discretion to extend the 120-day deadline for service even absent a showing of good cause.  The factors to be considered in deciding whether to grant this relief are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Ebanks v. Ebanks*, No. 07-CV-314 (KMK), 2007 WL 2591196 at *4 (S.D.N.Y. Sep. 6, 2007) (citations and internal quotation marks omitted).  Applying these factors, the Court finds, first,

that if the Court dismissed this action, any attempt to re-file the action would be barred by the applicable statute of limitations. Additionally, ANV had actual notice of the claims in the Amended Complaint, because they are the same claims contained in the original complaint. Additionally, it appears that ANV attempted to conceal the defect in service, until after the 120-period for service had passed. In this regard, ANV learned, on or about December 21, 2007, that an Amended Complaint had been filed, because that is the date that S-GCI filed its motion to dismiss the pleading, and ANV's counsel was served with a copy of that motion. At that point, ANV's counsel knew or should have known that he also should have been served with a copy of the Amended Complaint. However, rather than contacting Plaintiff's counsel to inquire about the situation, he waited more than three months (126 days total, to be exact), before "springing the trap" and filing the subject motion to dismiss. And finally, ANV has not shown that it would be prejudiced if the Court were to grant Plaintiff additional time to serve the Amended Complaint. Based on all of the foregoing, the Court will grant Plaintiff additional time to serve the Amended Complaint on ANV's counsel. Consequently, ANV's motion under FRCP 4(m), as well as the remainder of its motion, which is based on the statute of limitations, is denied.

## CONCLUSION

For all of the foregoing reasons, Defendants' applications [#30][#42] are denied, and Plaintiff is granted an additional twenty days to serve the Amended Complaint on ANV's counsel. Plaintiff's request for leave to file a second amended complaint is denied without prejudice at this time. And finally, counsel are directed to contact the chambers of the Honorable Marian W. Payson, United States Magistrate Judge, to request a Scheduling

Conference, since the scheduling deadlines in Judge Payson's original Scheduling Order [#8] have expired.

    SO ORDERED.

Dated:    May 19, 2008
          Rochester, New York    ENTER:

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge